■ AG CAPITAL FUNDING PARTNERS, L.P., et al., Respondents-Appellants, v STATE STREET BANK AND TRUST COMPANY, Appellant-Respondent. (And Other Actions.) [837 NYS2d 607]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered May 30, 2006, which, upon renewal, vacated a prior grant of partial summary judgment to plaintiffs, but denied defendant's motion insofar as it sought summary judgment dismissing the fourth, fifth and sixth causes of action, unanimously modified, on the law, defendant's motion granted with respect to dismissal of the fourth, fifth and sixth causes of action, and otherwise affirmed, with costs to defendant. Appeal from order, same court and Justice, entered July 21, 2005, unanimously dismissed, with costs to defendant, as superseded by the appeal from the May 30, 2006 order. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The facts and procedural history underlying this action are set forth in the prior decisions of this Court (10 AD3d 293 [2004]) and the Court of Appeals (5 NY3d 582 [2005]) on an earlier appeal. Briefly, this is an action against State Street Bank and Trust Company, as indenture trustee, by the holders of approximately $750 million in certain serial notes and pass-through asset trust securities issued by the now bankrupt nonparties Loewen Group International, Inc. and the Loewen Group, Inc. (collectively, Loewen), and secured by a pool of collateral.

On or about May 15, 1996, Loewen and nonparty Bankers Trust Company entered into a collateral trust agreement (CTA), which secured certain of Loewen's existing loans and notes and provided a mechanism whereby any additional debt obligations issued by Loewen in the future could also be secured when is-

sued. Specifically, Bankers Trust, as collateral trustee, maintained a secured indebtedness register so that once an "additional secured indebtedness registration statement" (ASIRS) was added to the register, the additional debt obligation covered by that registration statement was entitled to rank pari passu and be secured under the CTA equally and ratably with other senior secured indebtedness, regardless of when the indebtedness was issued. Pursuant to the indentures and the ASIRS, State Street assumed the contractual obligation to deliver to Bankers Trust a registration statement for any additional secured indebtedness. It is undisputed that no registration statement was delivered to Bankers Trust for two such additional debt issues, with the result that when Loewen declared bankruptcy, plaintiffs, as holders of the notes, were obliged to settle for less than they would have received had the notes been at par with other secured debt. Plaintiffs' claims for breach of contract, breach of duties under the Trust Indenture Act of 1939 (15 USC § 77aaa *et seq.*), breach of fiduciary duty as an indenture trustee and as a secured party representative, and negligence are based upon State Street's failure to deliver the ASIRS documentation to Bankers Trust as required.

Although the indentures pursuant to which the subject notes were issued contained provisions obligating Loewen to indemnify State Street and hold it harmless against loss or liability incurred by, or arising out of, its administration of the trust, subsequent to the issue of the indentures in question, Loewen underwent bankruptcy reorganization, and the fourth amended joint plan of reorganization contained a provision that released State Street from, in part, any claims or liabilities that, if enforced against it, would allow it to demand indemnification from Loewen. Although plaintiffs do not dispute that this release is binding upon them, they nonetheless contend that such release does not affect any of their claims against State Street, including those for breach of contract, inasmuch as, under the express terms of the indentures, State Street has no right of indemnification for any loss or liability "to the extent incurred by [State Street] through its negligence, bad faith or willful misconduct."

However, none of the first three causes of action, alleging State Street's breach of the ASIRS and indentures, and breach of its coextensive duties under the Trust Indenture Act (*see Semi-Tech Litig., LLC v Bankers Trust Co.*, 353 F Supp 2d 460, 472 [SD NY 2005], *affd* 450 F3d 121 [2006]), are predicated upon State Street's negligence, bad faith or wilful misconduct. Thus, as found by the motion court, such causes of action are

plainly barred by the release and, accordingly, were properly dismissed by the motion court. As for the remaining causes, purporting to allege breach of fiduciary duty and negligence, they too should have been dismissed since they are essentially duplicative of the claims for breach of contract. Notwithstanding the wording of the fourth, fifth and sixth causes of action, purporting to allege State Street's breach of its fiduciary duty as an indenture trustee and as plaintiffs' representative, as well as negligence, it is apparent that plaintiffs have not alleged the breach of an extracontractual duty redressable in tort (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]). Concur—Tom, J.P., Andrias, Marlow, Nardelli and McGuire, JJ.