[896 NE2d 61, 866 NYS2d 578]

AG Capital Funding Partners, L.P., et al., Appellants, v State Street Bank and Trust Company, Respondent. (And Other Actions.)

Argued May 28, 2008; decided June 25, 2008

148

## POINTS OF COUNSEL

*Kasowtiz, Benson, Torres & Friedman LLP,* New York City (*James J. Stricker* and *David M. Friedman* of counsel), for appellants. I. The First Department erred in interpreting the indentures to require indemnification for liability caused by State Street Bank and Trust Company's own misconduct. (*Caplin v Marine Midland Grace Trust Co.,* 406 US 416; *New York State Med. Care Facilities Fin. Agency v Bank of Tokyo Trust Co.,* 216 AD2d 126; *Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396; *150 Broadway N.Y. Assoc., L.P. v Bodner,* 14 AD3d 1; *Weissman v Sinorm Deli,* 88 NY2d 437; *Dunham v Weissman,* 281 AD2d 220; *Cassidy v County of Nassau,* 182 AD2d 608.) II. The First Department erred in holding that the noteholders could not assert tort claims against the indenture

trustee in addition to their contract claims. (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382; *Mandelblatt v Devon Stores*, 132 AD2d 162; *Sergeants Benevolent Assn. Annuity Fund v Renck*, 19 AD3d 107; *Sally Lou Fashions Corp. v Camhe-Marcille*, 300 AD2d 224; *Davis v Dime Sav. Bank of N.Y.*, 158 AD2d 50; *Bouquet Brands Div. of J & D Food Sales v Citibank*, 97 AD2d 936; *LNC Invs., Inc. v First Fid. Bank, N.A.*, 935 F Supp 1333; *New York State Med. Care Facilities Fin. Agency v Bank of Tokyo Trust Co.*, 163 Misc 2d 551; *Williams v Continental Stock Transfer & Trust Co.*, 1 F Supp 2d 836; *Hazzard v Chase Natl. Bank of City of N.Y.*, 159 Misc 57, 257 App Div 950, 282 NY 652.)

*Kelley Drye & Warren LLP*, New York City (*Steven P. Caley, Robert S. Friedman* and *Kevin J. Smith* of counsel), for respondent. I. The First Department correctly affirmed the trial court's dismissal of plaintiffs' breach of contract and trust indenture act claims based on plaintiffs' release of those claims. (*Stoll v Gottlieb*, 305 US 165; *Jerome J. Steiker Co. v Eccelston Props.*, 156 Misc 2d 308; *Truesdell v Donaldson, Lufkin & Jenrette Sec. Corp.*, 281 AD2d 334; *New York State Med. Care Facilities Fin. Agency v Bank of Tokyo Trust Co.*, 216 AD2d 126; *Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396; *Jacobson v Sassower*, 66 NY2d 991.) II. The First Department correctly dismissed plaintiffs' tort claims against State Street Bank and Trust Company. (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382; *Papa v New York Tel Co.*, 72 NY2d 879; *Brown v Wyckoff Hgts. Med. Ctr.*, 28 AD3d 412; *Brown v Brown*, 12 AD3d 176; *Roklina v Skidmore Coll.*, 268 AD2d 765; *Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107; *North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171; *Luxonomy Cars v Citibank, N.A.*, 65 AD2d 549; *Hazzard v Chase Natl. Bank of City of N.Y.*, 159 Misc 57, 257 App Div 950, 282 NY 652; *Elliott Assoc. v J. Henry Schroder Bank & Trust Co.*, 838 F2d 66.) III. Plaintiffs' claims should be dismissed because State Street Bank and Trust Company was entitled to rely conclusively on opinions, certificates and other documents from Loewen Group International, Inc. and Loewen Group, Inc. (Loewen), the underwriters and Loewen's counsel stating that the pass-through asset trust securities and Series 6 and 7 Notes were secured by the Collateral Trust Agreement collateral upon issuance. (*Caplin v Marine Midland Grace Trust Co.*, 406 US 416; *Cruden v Bank of N.Y.*, 957 F2d 961.) IV. Under no circumstances would plaintiffs be entitled to summary judgment. (*Ugarriza v Schmieder*, 46 NY2d 471; *Londa v Dougbay Estates*, 40 NY2d 1001; *Donohue v Copi-*

ague Union Free School Dist., 64 AD2d 29; *Gleason v Reynolds Leasing Corp.*, 227 AD2d 375; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Doolittle v Conklin Brass & Copper Co.*, 103 AD2d 722; *Resource Fin. v National Cas. Co.*, 219 AD2d 627.)

*C. Dawn Causey*, General Counsel, American Bankers Association, Washington, D.C. (*Gregory F. Taylor, Jill M. Goldman* and *Cristeena Naser* of counsel), for American Bankers Association, amicus curiae. Imposing liability based upon a common-law duty would be inconsistent with the Trust Indenture Act and would have a negative impact upon the industry. (*Zeffiro v First Pennsylvania Banking & Trust Co.*, 623 F2d 290, 456 US 1005; *Bluebird Partners, L.P. v First Fid. Bank, N.A. N.J.*, 85 F3d 970.)

### OPINION OF THE COURT

JONES, J.

In this appeal arising out of the issuance of a series of debt securities by nonparties Loewen Group International, Inc. and Loewen Group, Inc. (collectively Loewen), the question before us is whether plaintiffs have viable claims against defendant State Street Bank and Trust Company (State Street) for breach of contract, violation of the federal Trust Indenture Act of 1939 (*see* 15 USC § 77aaa *et seq.*), breach of fiduciary duty and negligence based on its alleged failure to deliver debt transaction registration statements arguably required to secure the debt. We conclude that plaintiffs' contract and Trust Indenture Act claims are barred by a release previously executed by plaintiffs as part of a bankruptcy settlement with Loewen and that no fiduciary duties exist. However, because negligence claims are not barred by the release, and because there is an issue of fact as to whether State Street owed and violated a duty of care to plaintiffs, we reinstate the cause of action for negligence brought by plaintiffs against State Street.

### Facts[1]

In May 1996, Loewen and collateral trustee Bankers Trust entered into a Collateral Trust Agreement (CTA). As relevant here, the CTA permitted holders of future debt offerings to

---

1. The facts concerning the transactions at issue are largely set forth in a prior decision of this Court (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582 [2005] [In a related third-party action commenced by State Street, the Court reinstated its claims for negligence and contribution]). We restate and augment the facts only to the extent necessary to resolve the instant appeal (which concerns the main action).

acquire secured-creditor status with respect to the same pool of collateral. Specifically, the CTA provided that future

> "trustees or like representatives acting on behalf of Holders of any proposed Additional Secured Indebtedness . . . may become Secured Party Representatives under this Collateral Trust Agreement and be entitled to the benefits of the security interests in the Collateral as set out herein and in the other Collateral Documents. *To become a Secured Party Representative hereunder each such representative or Holder must deliver to the Trustee, for acceptance and registration in the Secured Indebtedness Register, an Additional Secured Indebtedness Registration Statement*" (emphasis added).

In the late 1990s, in an effort to raise capital, Loewen issued a series of debt securities.[2] Three of the debt securities, the pass-through asset trust securities (PATS), issued in September 1997, and the Series 6 and 7 Notes (Notes), issued in May 1998, are relevant here. Under the indenture for each transaction, Loewen engaged State Street to serve as indenture trustee and administer the debt issue. Plaintiffs—various insurance companies, mutual funds and investment funds—are holders of the PATS and Notes, which were valued at approximately $750 million when issued. For each transaction, Loewen and State Street executed an additional secured indebtedness registration statement (ASIRS) as set forth in the CTA. Each ASIRS, incorporating by reference the CTA between Loewen and Bankers Trust, provided:

> "*By executing and delivering this Additional Secured Indebtedness Registration Statement and, upon the acceptance and recordation hereof by the Trustee* in accordance with Section 2.3 of the Collateral Trust Agreement, *State Street . . .* as trustee under the indenture . . . *hereby agrees on behalf of itself and the Holders it represents to be bound by all the terms and provisions of the [CTA]* applicable to a

---

**2.** The document setting the terms and conditions of a debt issuance is a corporate indenture (*see* Black's Law Dictionary 784 [8th ed 2004]).

Holder and a Secured Party Representative" (emphasis added).[3]

It is undisputed that no ASIRS for the PATS or the Notes was ever delivered to or received by Bankers Trust.

In June 1999, Loewen filed for chapter 11 bankruptcy protection. Because no ASIRS was delivered for the subject debt securities, uncertainty arose as to whether the holders of those instruments had secured-creditor status. In the bankruptcy proceeding, plaintiffs approved Loewen's fourth reorganization plan and settled their claims against Loewen by accepting a discounted value for the Notes and PATS. Plaintiffs also agreed to "release" State Street in accordance with Loewen's reorganization plan, which provided that

"each holder of a CTA Note Claim, each Indenture Trustee and each Principal CTA Creditor will be deemed to forever release, waive and discharge [State Street] . . . from any claims, demands, rights, causes of action[ ] or liabilities that, if enforced against [State Street], entitle [State Street] to an Allowed Claim for indemnification from [Loewen]."

The indentures for the subject transactions required that Loewen

"shall indemnify [State Street] for, and hold it harmless against, any loss or liability incurred by it arising out of or in connection with the administration of this trust and its rights or duties hereunder, including the costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder. . . . *[Loewen] need not reimburse any expense or indemnify against any loss or liability to the extent incurred by [State Street] through its*

---

**3.** UBS Warburg LLC (UBS) was lead underwriter in the PATS transaction, and its counsel, Skadden, Arps, Slate, Meagher & Flom LLP, hosted and ran the closing. Salomon Smith Barney, Inc. (Salomon) was lead underwriter in the Notes transaction, and its counsel, Davis Polk & Wardwell, hosted and ran the closing. Thelen Reid & Priest LLP (Thelen) represented Loewen and drafted the ASIRS for both transactions. Our prior decision provides a detailed exposition of the foregoing (*see AG Capital*, 5 NY3d at 588-589). State Street alleges that after the respective closings, Thelen made numerous representations through, among other things, the issuance of opinion letters to Bankers Trust, that the subject debt was fully secured and ranked equally with the other secured debt previously issued by Loewen.

*negligence, bad faith or willful misconduct"* (empha-
sis added).

Thus, State Street was not indemnified by Loewen, and
therefore not released by plaintiffs, as to any claim based on its
negligence.

## Procedural History

In 2002, plaintiffs commenced this action against State Street,
alleging six causes of action: (1) breach of the PATS ASIRS and
the Notes ASIRS, (2) breach of the PATS indenture and the
Notes indenture, (3) violation of the federal Trust Indenture
Act, (4) breach of fiduciary duty as an indenture trustee, (5)
breach of fiduciary duty as a secured party representative and
(6) negligence. In sum, plaintiffs alleged that State Street's fail-
ure to deliver the ASIRS to Bankers Trust for registration as
required under the CTA and the ASIRS caused plaintiffs to
settle their claims in Loewen's bankruptcy for "tens of millions
of dollars" less than if State Street had delivered the ASIRS. In
its answer, State Street denied the complaint's allegations and
asserted various affirmative defenses, including release. State
Street further countered that the subject notes were secured,
whether or not they were registered.[4] In January 2005, State
Street moved for summary judgment dismissing the complaint,
and plaintiffs moved for partial summary judgment on their
contract claims (i.e., breach of the ASIRS and breach of the
indentures), as well as their breach of fiduciary duty as
indenture trustee and negligence claims. Plaintiffs also sought
an award of damages.

---

4. In 2003, State Street commenced a third-party action asserting claims
for common-law indemnification, contribution and unjust enrichment against
third-party defendants Salomon, UBS and Thelen, and negligent misrepresen-
tation and attorney malpractice against Thelen. State Street alleged that if it
is liable to plaintiffs in the main action, the third-party defendants should
ultimately be held liable to it because they assumed State Street's delivery
obligation and breached that duty by failing to deliver the ASIRS. The third-
party defendants moved to dismiss the third-party complaint under CPLR
3211 (a) (7). Supreme Court dismissed the unjust enrichment, indemnifica-
tion, attorney malpractice and negligent misrepresentation claims. However,
the court let State Street's negligence and contribution claims go forward. In
August 2004, the Appellate Division granted third-party defendants' motions
in their entirety and dismissed State Street's third-party complaint, holding
that "State Street assumed the contractual obligation to deliver to Bankers
Trust a registration statement for any additional secured indebtedness" (10
AD3d 293, 294 [2004]). We reinstated the contribution and negligence claims
(5 NY3d 582 [2005]). In so holding, we "express[ed] no opinion on the merits
of the underlying claims against State Street" (*id.* at 590).

In July 2005, Supreme Court (1) granted State Street's motion to the extent of dismissing plaintiffs' claims for breach of contract and violation of the Trust Indenture Act, (2) granted plaintiffs' motion to the extent of granting them summary judgment as to liability on their breach of fiduciary duty as indenture trustee and negligence claims and (3) otherwise denied the motions. Specifically, the court held that the release plaintiffs executed as part of the Loewen bankruptcy settlement barred their contract and violation of the Trust Indenture Act claims, but did not affect their breach of fiduciary duty and negligence claims.

Further, the court, relying on the Appellate Division's 2004 decision dismissing State Street's third-party claims, held that plaintiffs were entitled to summary judgment as to liability on their breach of fiduciary duty as indenture trustee and negligence claims. However, in our November 2005 decision reversing the dismissal of the third-party negligence and contribution claims, we noted that the Appellate Division's comments on the merits of the main claim were "premature and beyond the scope of the appeal" (5 NY3d at 590 n 3).

After our November 2005 decision, State Street moved to vacate certain portions of Supreme Court's July 2005 decision and to renew its summary judgment motion as to the remaining claims, arguing that this Court rejected the Appellate Division's conclusion that plaintiffs could predicate tort claims on State Street's failure to perform ministerial tasks. In May 2006, Supreme Court (1) vacated so much of its prior order that granted plaintiffs summary judgment on the breach of fiduciary duty as indenture trustee and negligence claims, (2) granted State Street's motion to renew and (3) upon renewal, denied State Street's motion for summary judgment dismissing plaintiffs' breach of fiduciary duty (as indenture trustee and secured party representative) claims and their negligence claim. The parties appealed from Supreme Court's July 2005 and May 2006 orders to the extent they were aggrieved.

The Appellate Division dismissed plaintiffs' claims for breach of contract and violation of the Trust Indenture Act, explaining that because these claims were not predicated upon State Street's negligence, bad faith or willful misconduct, they are clearly barred by the release (40 AD3d 392, 393-394 [1st Dept 2007]). The court further concluded that the remaining claims for breach of fiduciary duty and negligence "should have been dismissed since they are essentially duplicative of the claims for

breach of contract" (*id.* at 394). The court stated that, "[n]otwithstanding the wording of" such claims, "it is apparent that plaintiffs have not alleged the breach of an extracontractual duty redressable in tort" (*id.*). We granted plaintiffs leave to appeal and now modify and reinstate the negligence claim against State Street.

### Discussion

Plaintiffs argue that the Appellate Division decision immunizes State Street's failure to perform its most basic and fundamental obligations as an indenture trustee. Specifically, plaintiffs contend that: (1) Loewen's indemnification obligations to State Street, consistent with the Trust Indenture Act, did not relieve State Street from any claims or liability resulting from its own misconduct or failure to perform its express contractual obligations; as such, the release has no effect on plaintiffs' breach of contract claims; and (2) prior to the issuer's default, State Street owed plaintiffs an extracontractual duty to perform basic, nondiscretionary ministerial tasks (e.g., delivery of the ASIRS) and that breach of such duty supports a tort claim against State Street. State Street counters that (1) plaintiffs' breach of contract and Trust Indenture Act claims are barred by the release; (2) plaintiffs have not alleged the breach of an extracontractual duty redressable in tort; and (3) in any event, plaintiffs' tort claims are duplicative of the breach of contract claims.

Under the plain terms of the release, its scope is based on the terms of the indemnification provision set forth in each indenture. In short, the indentures provide that Loewen shall indemnify State Street for and hold it harmless against all claims except those based on State Street's negligence, bad faith or willful misconduct.[5] As plaintiffs' breach of contract and Trust Indenture Act claims against State Street are not based on State Street's negligence, bad faith or willful misconduct, these claims fall under the category of "Allowed Claim for indemnification" and are barred pursuant to the release. Therefore, the Appellate Division properly concluded that, based on the release, State Street is entitled to summary judgment dismissing plaintiffs' first three claims.

---

5. This provision is consistent with the Trust Indenture Act, which states: a corporate indenture "shall not contain any provisions relieving the indenture trustee from liability for its own negligent action, its own negligent failure to act, or its own willful misconduct" (15 USC § 77ooo [d]).

We turn next to plaintiffs' contention that State Street may be held liable in tort for its failure to perform the basic, nondiscretionary ministerial function of delivering the ASIRS (prior to the event of default) and that, accordingly, plaintiffs' fourth and fifth claims, sounding in breach of fiduciary duty as an indenture trustee and as a secured party representative, respectively, should be reinstated.

The Trust Indenture Act of 1939, which is applicable "to notes, bonds, debentures, and other evidences of indebtedness, whether or not secured, and to all certificates representing such an interest" (5 Hazen, Securities Regulation § 19.2, at 261 [5th ed]), was enacted because "previous abuses by indenture trustees had adversely affected the national public interest and the interest of investors in notes, bonds [and] debentures, 15 U.S.C. § 77bbb (a), and Congress sought to address this national problem in a uniform way, S.Rep. No. 248, 76th Cong., 1st Sess. 3 (1939)" (*Bluebird Partners, L.P. v First Fid. Bank, N.A. N.J.*, 85 F3d 970, 974 [2d Cir 1996] [internal quotation marks omitted]). In short, "[t]he Act is designed to vindicate a federal policy of protecting investors" (*id.* [internal quotation marks and emphasis omitted]). As relevant here, the Act states that an indenture "*shall automatically be deemed* (unless it is expressly provided therein that any such provision is excluded) *to provide that, prior to default . . . the indenture trustee shall not be liable except for the performance of such duties as are specifically set out in such indenture*" (15 USC § 77ooo [a] [1] [emphasis added]).

New York state and federal case law are consistent with section 77ooo (a) (1) of the Act. In *Hazzard v Chase Natl. Bank of City of N.Y.*, Supreme Court, New York County explained that

> "[t]he corporate trustee has very little in common with the ordinary trustee . . . . The trustee under a corporate indenture . . . has his [or her] rights and duties defined, not by the fiduciary relationship, but exclusively by the terms of the agreement. His [or her] status is more that of a stakeholder than one of a trustee" (159 Misc 57, 83-84 [1936], *affd without op* 257 App Div 950 [1st Dept 1939], *affd without op* 282 NY 652 [1940], *cert denied* 311 US 708 [1940]; *see Elliott Assoc. v J. Henry Schroder Bank & Trust Co.*, 838 F2d 66, 71 [2d Cir 1988] [holding that as long as trustee fulfills obligations under the express terms of indenture, no pre-default duties owed to

debt holders except to avoid conflicts of interest];
*Meckel v Continental Resources Co.*, 758 F2d 811,
816 [2d Cir 1985] [same as *Hazzard*]; *Craig v Bank
of N.Y.*, 2002 WL 1543893, 2002 US Dist LEXIS
12721 [SD NY 2002]; *Magten Asset Mgt. Corp. v
Bank of N.Y.*, 15 Misc 3d 1132[A], 2007 NY Slip Op
50951[U] [Sup Ct, NY County 2007] [same as *Hazzard*]; *AMBAC Indem. Corp. v Bankers Trust Co.*,
151 Misc 2d 334, 338-339 [Sup Ct, NY County 1991]
[same as *Hazzard* and *Elliott Assoc.*]).

We further note that a number of courts have held that prior
to default, indenture trustees owe note holders an extracontractual duty to perform basic, nondiscretionary, ministerial functions redressable in tort if such duty is breached (*see LNC Inv.,
Inc. v First Fid. Bank, N.A.*, 935 F Supp 1333, 1347 [SD NY
1996];[6] *Philip v L.F. Rothschild & Co.*, 1999 WL 771354, *1,
1999 US Dist LEXIS 14967, *3-4 [SD NY 1999]; *Dresner Co.
Profit Sharing Plan v First Fid. Bank, N.A., N.J.*, 1996 WL
694345, *4, 1996 US Dist LEXIS 17913, *12-13 [SD NY 1996];
*Williams v Continental Stock Transfer & Trust Co.*, 1 F Supp 2d
836, 840 [ND Ill 1998]). These decisions are consistent with section 77ooo (a) (1) of the Trust Indenture Act, *Elliott Assoc.* and
*Hazzard*.

Based on the foregoing, we hold that an indenture trustee
owes a duty to perform its ministerial functions with due care,
and if this duty is breached the trustee will be subjected to tort
liability. However, contrary to plaintiffs' arguments, the alleged
breach of such duty neither gives rise to *fiduciary* duties nor
supports the reinstatement of plaintiffs' fourth and fifth causes
of action.

■ Plaintiffs' fourth cause of action alleging that State Street
had a fiduciary duty as an "Indenture Trustee" is not viable.
First, they cannot point to any provision in the indentures that
places fiduciary obligations on State Street prior to an event of

---

**6.** In support of its holding in *LNC Inv.*, the Southern District cited *New
York State Med. Care Facilities Fin. Agency v Bank of Tokyo Trust Co.* (163
Misc 2d 551 [Sup Ct, NY County 1994], *affd on different grounds* 216 AD2d
126 [1st Dept 1995], *lv dismissed* 87 NY2d 892 [1995]). In that case, as here,
the ministerial task defendant trustee was required to perform was set forth
in an agreement executed by the debt issuer and the indenture trustee. Put
differently, the duty to perform the required ministerial task clearly arose
under the terms of the agreement.

default.[7] Second, as will be made clear below, fiduciary obligations are wholly different from the performance of ministerial functions with due care. Finally, mere allegations that a fiduciary duty exists, with nothing more, are insufficient to withstand summary judgment.

■ Plaintiffs' fifth cause of action alleging that State Street had a fiduciary duty as a "Secured Party Representative" is not viable under the general principles governing fiduciary relationships. "A fiduciary relationship 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation' " (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005], quoting Restatement [Second] of Torts § 874, Comment *a*). Determining whether a fiduciary relationship exists necessarily involves a fact-specific inquiry (*see id.*). "[E]ssential elements of a fiduciary relation are . . . 'reliance, . . . de facto control and dominance' " (*Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 173 [1993, Hancock, J., dissenting] [citations omitted]). Stated differently, "[a] fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other" (*id.*).

Here, State Street never became a secured party representative, as defined by the CTA, in the first instance. Accordingly, State Street never undertook "a duty to act for or to give advice for the benefit of another" in that capacity.

■ Finally, we conclude that the Appellate Division erred in dismissing plaintiffs' negligence claim as duplicative of plaintiffs' breach of the ASIRS (contract) claim. At the outset, we reiterate that the release executed by plaintiffs only applied to claims for which Loewen would have to indemnify State Street under the respective indentures, which specifically exclude acts of negligence from Loewen's indemnification obligations. Therefore, the release does not shield State Street from its own acts of negligence.

Here, it is undisputed that State Street and Loewen executed the ASIRS, that the ASIRS called for State Street to deliver

---

7. This is consistent with the Trust Indenture Act, which distinguishes between an indenture trustee's pre- and post-default duties. Thus, while an indenture trustee, prior to default, is liable for obligations specifically set forth in the indenture, once the issuer defaults, the trustee "shall exercise . . . such of the rights and powers vested in it by such indenture, and . . . use the same degree of care and skill in their exercise, as a prudent [person] would exercise or use under the circumstances in the conduct of his [or her] own affairs" (15 USC § 77ooo [c]).

same to Bankers Trust and that State Street failed to deliver the ASIRS or ensure that the ASIRS were delivered to Bankers Trust. Accordingly, there are issues of fact as to whether State Street, separate and apart from its contractual duty under the ASIRS, undertook and breached a duty of care, "connected with and dependent upon the [ASIRS]" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987] [citation omitted]), to act in accordance with the ASIRS and the CTA registration requirements to protect plaintiffs' security rights in the CTA collateral and whether plaintiffs sustained significant losses as a result of this alleged breach. These questions should be resolved at trial.

State Street's reliance on various representations and opinions of Loewen's counsel (Thelen) stating that the PATS and the Notes were, or would be, entitled to secured status is misplaced and, in any event, does not alter our holding on plaintiffs' negligence claim. Because State Street did not advise Thelen that it had failed to deliver the ASIRS as it agreed to do, State Street cannot, in good faith, rely upon Thelen's representations.

Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge CIPARICK taking no part.

Order modified, etc.