■ DELIA PAINO et al., Respondents, v ANTHONY REITANO et al., Appellants, et al., Defendants. [38 NYS3d 39]—

In an action, inter alia, to recover damages for fraud, conversion, and breach of fiduciary duty, (1) the defendant Anthony Reitano appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Fusco, J.), dated December 26, 2013, as, upon a decision of the same court dated October 25, 2013, made after a nonjury trial, is in favor of the plaintiffs and against him, awarding compensatory damages in the principal sum of $25,000, (2) the defendant Vincent F. Spata separately appeals, as limited by his brief, from so much of the same judgment as, upon the decision, is in favor of the plaintiffs and against him, awarding compensatory damages in the principal sum of $25,000, and (3) the defendant Dennis Lobaito separately appeals, as limited by his brief, from so much of the same judgment as, upon the decision, is in favor of the plaintiffs and against him, awarding punitive damages in the principal sum of $100,000.

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof awarding damages in favor of the plaintiffs and against the defendants Anthony Reitano and Dennis Lobaito, and substituting therefor provisions dismissing the complaint insofar as asserted against those defendants; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the defendant Vincent F. Spata, and one bill of costs to the defendants Anthony Reitano and Dennis Lobaito, payable by the plaintiffs.

On September 15, 2006, the plaintiffs sold property located in Brooklyn (hereinafter the subject property) to Kaieyes Realty, LLC (hereinafter Kaieyes), in consideration of cash in the sum of $140,000, and a purchase money mortgage in the sum of $560,000 (hereinafter the mortgage). The defendant Anthony Reitano was an attorney who represented the plaintiffs at the closing. In March 2009, the mortgage was assigned to the defendant Ital Credit Center, LLC (hereinafter Ital Credit). The signature of the plaintiff Joseph L. Paino on the assignment of mortgage was notarized by the defendant Vincent F. Spata, who was an attorney and law partner of Reitano. Ital Credit then assigned the mortgage to the defendant Dennis Lobaito.

The plaintiffs commenced this action to recover damages, alleging, among other things, that the defendants conspired to defraud them of ownership of the mortgage. After a nonjury trial, the Supreme Court, inter alia, found that Reitano was liable for breach of fiduciary duty in connection with the closing of title on the subject property, Spata was liable for breach of fiduciary duty for improperly acknowledging the signature of the plaintiff Joseph L. Paino on the assignment of the mortgage to Ital Credit, and Lobaito was liable for fraud and conversion.

On an appeal from a judgment after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial court had the advantage of seeing the witnesses and hearing the testimony (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Ning Xiang Liu v Al Ming Chen*, 133 AD3d 644 [2015]; *Johnson v Robertson*, 131 AD3d 670, 671 [2015]; *Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage*, 131 AD3d 507, 507 [2015]; *Zwarycz v Marnia Constr., Inc.*, 130 AD3d 922, 923 [2015]). Where the trial court's findings of fact "rest in large measure on considerations relating to the credibility of wit-

nesses, deference is owed to the trial court's credibility determinations" (*Neiss v Fried*, 127 AD3d 1044, 1046 [2015] [internal quotation marks omitted]; *see Zwarycz v Marnia Constr., Inc.*, 130 AD3d at 923).

Here, the Supreme Court's finding that Reitano was liable for breach of fiduciary duty is not supported by the record. The plaintiffs failed to demonstrate that they incurred damages as a result of Reitano's representation of them at the closing of title on the subject property (*see Benedict v Whitman Breed Abbott & Morgan*, 110 AD3d 935, 936 [2013]).

Furthermore, the Supreme Court's finding that Lobaito was liable for fraud and conversion is not supported by the record. The plaintiffs failed to adduce evidence that Lobaito made a misrepresentation to them or knowingly participated in a scheme to defraud them of ownership of the mortgage (*see Levin v Kitsis*, 82 AD3d 1051 [2011]), or that he exercised dominion over or interfered with the mortgage after it was assigned to him (*cf. Goldstein v Guida*, 74 AD3d 1143 [2010]). In this regard, the evidence demonstrated that Lobaito never demanded or received any mortgage payments from Kaieyes.

However, the record supports the Supreme Court's finding that Spata was liable for breach of fiduciary duty. The court found that the plaintiff Joseph L. Paino never authorized the assignment of the mortgage to Ital Credit, and that he was not present when Spata, a law partner of Reitano, improperly notarized his purported signature on the assignment. Since the court's determination in this regard rests in large measure upon its assessment of the credibility of the witnesses, we find no reason to disturb it (*see Campbell v Campbell*, 50 AD3d 614 [2008]; *Terry v State of New York*, 39 AD3d 846 [2007]).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.