■ ELEMER GALL, Also Known as CSABA GALL, Respondent, v FRANCES COLON-SYLVAIN et al., Defendants, and ANTHONY MICHAEL CAMISA et al., Appellants. [55 NYS3d 424]—

In an action, inter alia, to recover damages for breach of fiduciary duty and legal malpractice, the defendants Anthony Michael Camisa and David M. Fish separately appeal, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered November14, 2014, as, upon a decision of the same court dated June 9, 2014, made after a nonjury trial, is in favor of the plaintiff and against them, jointly and severally, in the principal sum of $100,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the amended complaint is dismissed insofar asserted against the defendants Anthony Michael Camisa and David M. Fish.

The plaintiff commenced this action against, among others, the defendant attorneys Anthony Michael Camisa and David M. Fish (hereinafter together the defendants), alleging that the defendants breached a duty to the plaintiff by failing to ascertain whether the signator on a deed of transfer had the authority to transfer on behalf of a corporation. The property at issue was a residential parcel owned by JJRG Enterprises, Inc. (hereinafter JJRG). The plaintiff was a 50% shareholder of JJRG and the other 50% was held by the defendant Joseph Grant. During the sales transaction, Grant represented himself to be the sole shareholder of JJRG. Camisa represented the purchaser-borrower and the lender on the transaction. Fish represented the seller, JJRG.

At the conclusion of a nonjury trial, the Supreme Court found in favor of the plaintiff. The court concluded that Fish, as attorney for JJRG, had an obligation to ascertain who had the authority to act on JJRG's behalf. Fish failed to exercise due care in the discharge of that obligation by relying on, inter alia, Camisa's determinations regarding Grant's purported authority to bind JJRG to the transaction. As to Camisa, the court held that a fiduciary relationship was created between Camisa and the plaintiff because the evidence demonstrated that Camisa had de facto control and dominance over the real estate transaction due to, among other things, Fish's reliance on Camisa's expertise. In a judgment entered November 14, 2014, the Supreme Court awarded the plaintiff the principal sum of $100,000 against the defendants, jointly and severally. The defendants separately appeal from that judgment.

On an appeal from a judgment after a nonjury trial, this Court's "authority is as broad as that of the trial court" and this Court "may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]; *see Yu Ling Hu v Zapas*, 108 AD3d 621 [2013]; *Pernell v 287 Albany Ave., LLC*, 95 AD3d 1094 [2012]). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Paino v Reitano*, 142 AD3d 1057, 1058-1059 [2016] [internal quotation marks omitted]; *see Neiss v Fried*, 127 AD3d 1044, 1046 [2015]).

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly pos-

sessed by a member of the legal profession, and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]; *see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49-50 [2015]; *Jorge v Hector Atilio Marichal, P.C.*, 140 AD3d 1020 [2016]). To establish causation, a plaintiff must show that he or she would not have incurred any damages but for the lawyer's negligence (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d at 50; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (*Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 848 [2012]; *see Janker v Silver, Forrester & Lesser, P.C.*, 135 AD3d 908, 909-910 [2016]).

Here, the Supreme Court erred in concluding that the plaintiff satisfied his burden of proof with respect to the elements necessary to prove legal malpractice against Fish. Namely, the plaintiff failed to present evidence to establish that he would not have incurred any damages but for Fish's negligence (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d at 50; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442). Although the plaintiff argues that but for Fish's misconduct the plaintiff would not have lost his equity interest in the property, the plaintiff failed to present evidence as to the value of that interest. Contrary to the court's conclusion, the plaintiff's expectation that he would receive $100,000 through an agreement with Grant does not establish the fair market value of the plaintiff's equity interest in the property.

To recover damages for a breach of a fiduciary duty, a plaintiff must establish (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (*see Baumann v Hanover Community Bank*, 100 AD3d 814, 817 [2012]; *Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]). "A fiduciary relationship 'exists between two persons when one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation'" (*Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d 47, 62 [2013], quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 11 NY3d 146, 158 [2008]). "Such a relationship 'may exist where one party reposes confidence in another and reasonably

relies on the other's superior expertise or knowledge, but an arms-length business relationship does not give rise to a fiduciary obligation'" (*Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d at 62, quoting *WIT Holding Corp. v Klein*, 282 AD2d 527, 529 [2001]). "The core of a fiduciary relationship is 'a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions'" (*Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d at 62, quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d at 19). Determining whether a fiduciary relationship exists is a fact-specific inquiry and the essential elements are reliance by one party, and de facto control and dominance by the other (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 11 NY3d at 158).

Here, the Supreme Court erred in concluding that the plaintiff satisfied his burden of proof with respect to the elements necessary to prove a breach of fiduciary duty against Camisa. The evidence did not establish that Camisa, who was the attorney for the purchaser and the lender, had any duty to act or give advice for the benefit of the plaintiff (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 11 NY3d at 158; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d at 19; *Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d at 61).

The parties' remaining contentions are without merit. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.