18-3552-cv
*Xerox Corp. v. JCTB Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand nineteen.

PRESENT:   JOHN M. WALKER, JR.,
           RICHARD J. SULLIVAN,
                *Circuit Judges*,
           ALISON J. NATHAN,
                *District Judge*.*

------------------------------------------------------------------

XEROX CORPORATION,

       *Plaintiff-Counter-Defendant-Appellee*,

    v.                                              No. 18-3552-cv

JCTB INCORPORATED, SHIRLEY BUI, JIMMY
CAUDILLO, AKA Jaime Caudillo,

       *Defendants-Counter-Claimants-Appellants*.

------------------------------------------------------------------

---

* Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:                          M. Salman Ravala, Crisione Ravala, LLP, New York, NY.

FOR APPELLEE:                          TONY R. SEARS (William R. Leinen, *on the brief*), Ward Greenberg Heller & Reidy LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants JCTB Inc. ("JCTB"), Shirley Bui, and Jimmy Caudillo (together with JCTB, "Defendants") appeal from an order of the United States District Court for the Western District of New York (Telesca, *J.*) granting summary judgment in favor of Plaintiff-Appellee Xerox Corporation ("Xerox") on its claims for breach of contract and dismissing Defendants' counterclaims for breach of contract and fraudulent inducement. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Defendants argue on appeal that (1) summary judgment was not warranted prior to discovery, (2) they pleaded sufficient facts to proceed on their

2

counterclaims – or at least should be permitted to amend their pleadings – and (3) the district court improperly calculated damages.  We disagree.

First, the district court properly granted Xerox's pre-discovery motion for summary judgment because the Finance Lease and Modification Agreement executed by the parties imposed an absolute duty on JCTB to pay, regardless of how Xerox performed.  *See Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1094 (2d Cir. 1993) ("In a contract dispute a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning.").  This duty arose from the "hell or high water clause," *see Wells Fargo Bank, N.A. v. BrooksAmerica Mortg. Corp.*, 419 F.3d 107, 110 (2d Cir. 2005), which was both explicit in the contract and a statutory feature of a "Finance Lease" under New York's Uniform Commercial Code.  Thus, the only remedy available to JCTB was to seek new equipment from Xerox – non-payment was not an option.

Second, with respect to Defendants' counterclaims, we agree with the district court that Defendants failed to state a claim.  As to their breach of contract counterclaim, Defendants' exclusive remedy for a purported breach by Plaintiff was not litigation, but to request new equipment.  *See* N.Y. U.C.C. Law §§ 2-a-503,

3

719(1)(a). And as to their counterclaim for fraudulent inducement, Defendants expressly released their claims against Plaintiff involving the execution of the Finance Lease when they signed the Modification Agreement. *See AG Capital Funding Partners, L.P. v. State St. Bank & Tr. Co.*, 11 N.Y.3d 146, 155 (2008). Because the terms of the contracts prevent Defendants from asserting their counterclaims, the district court did not abuse its discretion in refusing to grant leave to replead. Therefore, we affirm for substantially the reasons stated in the district court's thorough and well-reasoned decision and order.

Finally, Defendants' conclusory argument that the district court's calculation of damages resulted in a windfall for Xerox was never raised in the district court, and for that reason alone, we reject the argument on appeal. *See Spiegel v. Schulmann*, 604 F.3d 72, 77 n.1 (2d Cir. 2010). But even if we were to consider the merits of this argument, the record provides no basis for concluding that the district court erred in its calculation of damages.

We have considered Defendants' remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4