Lynch v. Nat'l Prescription Adm'rs, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand twenty.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
            MICHAEL H. PARK,
                    *Circuit Judges.*

_____

PATRICK J. LYNCH, as Trustee of the Health and Welfare Fund of the Patrolmen's Benevolent Association of the City of New York and The Retiree Health & Welfare Fund of the Patrolmen's Benevolent Association of the City of New York, on behalf of himself and all other similarly situated Plans,

            *Plaintiff-Appellant*,

            v.                                                      19-523

NATIONAL PRESCRIPTION ADMINISTRATORS, INC., EXPRESS SCRIPTS, INC., JOHN DOES, 1 through 25,

            *Defendants-Appellees*,

_____

Appearing for Appellant:      Mathew P. Jasinski (Jessica C. Colombo, *on the brief*), Motley
                              Rice LLC, Hartford, CT.

Appearing for Appellees:      Christopher A. Smith (Melissa Z. Baris, *on the brief*), Husch
                              Blackwell LLP, St. Louis, MO.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Patrick J. Lynch, trustee of the Health and Welfare Fund and the Retiree Health and Welfare Fund of the Patrolmen's Benevolent Association of the City of New York (collectively, "the Funds"), appeals from the February 1, 2019 judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) granting Appellees' motion for summary judgment and denying the Funds' motion for leave to amend. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court properly granted Appellees' summary judgment motion on the Funds' breach of fiduciary duty claim because there was no fiduciary relationship between the parties. "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *EBC I, Inc. v. Goldman, Sachs & Co.*, 832 N.E.2d 26, 31 (N.Y. 2005) (internal quotation marks and citation omitted). Reliance, de facto control, and dominance are essential elements of a fiduciary relationship. *AG Capital Funding Partners, L.P. v. State St. Bank & Tr. Co.*, 896 N.E.2d 61, 68 (N.Y. 2008). A fiduciary relationship "is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions." *EBC I*, 832 N.E.2d at 31. A plaintiff must establish that the parties created a relationship of higher trust "apart from the terms of the contract" and not from the agreement alone. *Id.*

We agree with the district court that there was no "relationship of higher trust" between the Funds and Appellees apart from the terms of the contract. *See id.* The facts underlying the Funds' breach of fiduciary duty claim are, according to the Funds, nearly identical to those underlying their proposed breach of contract claims. As such, there is no evidence that "the parties created a relationship of higher trust than would arise from [their contracts] alone so as to permit a cause of action for breach of a fiduciary duty independent of the contractual duties." *Brooks v. Key Tr. Co. Nat'l Ass'n*, 809 N.Y.S.2d 270, 272-73 (N.Y. App. Div. 2006) (internal quotation marks and citation omitted).

Nor is there evidence that Appellees exercised the necessary de facto control over the Funds. The Funds allege that Appellees did so by serving as their agent in negotiations, and by processing the Funds' pharmacy claims and drug manufacturer rebates.

In terms of negotiations, the absence of contractual provisions regarding interim instructions makes clear that the Funds "retain[ed] no authority over the manner in—or price for—which [the drugs] will be procured." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 278 (2d Cir. 2013). "[T]hat right of control is what distinguishes an agency relationship from a mere contractual one." *Id.* As to negotiating rebates, there are no contractual provisions obligating Appellees to negotiate rebates at all. In any event, negotiations would have occurred across Appellees' entire book of business, and negotiating rates across a book of business does not demonstrate the levels of trust and control with any individual client required of a fiduciary.

2

As to the processing of pharmacy claims, Appellees simply carried out the detailed process outlined in the contract. The Funds' counterargument that Appellees inflated the prices of pharmaceuticals with fees they had negotiated for themselves is misplaced, as this has no bearing on whether Appellees had discretion to deviate from the contractual process in transmitting the payments. There is also no evidence that the Funds depended on Appellees to calculate or make payments correctly. The Funds had direct access to Appellees' own system, and they also conducted audits internally and with the use of external CPAs. Accordingly, the district court did not err in concluding that no fiduciary relationship existed between the parties.

The district court also did not abuse its discretion in denying the Funds leave to amend. "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks and citation omitted). "In gauging prejudice, we consider, among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Id*. at 192 (internal quotation marks and citation omitted).

Even assuming the Funds' proposed amendment would not have been futile, the district court appropriately found that further delay would unduly prejudice Appellees at this late stage in the litigation. *See id*. The Funds' amendment "pleads a new scenario that would prevent disposition of the case until either further motion practice or a trial." *Id*. Although the factual underpinnings of the claims may be the same, "amendment is prejudicial when it substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation." *Id*. (internal quotation marks and citation omitted). Appellees have been defending against the breach of fiduciary duty claim for many years with the argument that no fiduciary relationship existed because the parties had a contractual relationship. This theory could not serve as an appropriate defense to a breach of contract claim, however. Allowing the Funds to amend would thus require "significant new preparation" and unduly prejudice the Appellees.

We have considered the remainder of the Funds' arguments and find them to be either unpreserved or without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3