■ BERNARD P. LEVY, Trust Account No. 2, Respondent, v PAR 3 GOLF DEVELOPMENT CORPORATION OF AMERICA et al., Defendants, and ROYAL BUSINESS FUNDS CORPORATION, Appellant.—In an action to foreclose a mortgage on real property, defendant Royal Business Funds Corporation appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County, dated July 5, 1979, which, *inter alia,* denied that branch of its motion which sought a reduction in a portion of the interest awarded in the judgment of foreclosure and sale dated January 23, 1979. Order modified, on the law, by adding thereto a provision that the amount awarded to the plaintiff in the first decretal paragraph of the order is to be further reduced by deducting therefrom an amount equal to the difference between the amount of interest awarded to the plaintiff for the period January 1, 1978 to February 17, 1978 at the rate of 2% per month, and the amount which would have been awarded if interest was computed at the statutory rate of 6% per annum. As so modified, order affirmed insofar as appealed from, with costs to the plaintiff. It is well settled that, unless otherwise agreed to by the parties, where one contracts to pay a principal sum at a certain future time with interest, the interest prior to the maturity of the contract is payable by virtue of the contract and thereafter as damages for its breach (see, e.g., *Metropolitan Sav. Bank v Tuttle,* 290 NY 497). Here, the agreements between the parties to the mortgage and note did not specifically provide for a rate of interest after maturity. However, the mortgage agreement did provide that: "a late charge of ten per cent (10%) of the amount due shall be charged on any payment of principal and/or interest which is overdue for a period of fifteen (15) days or more, unless Holder has declared a default, in which case interest shall be due and payable at the rate of two per cent (2%) per month." It is apparent that the afore-mentioned provision of the agreement could not become operable unless and until the holder declared a default. Accordingly, interest could not accrue at the rate of two per cent (2%) per month until a default was declared by the holder. The mortgage obligation matured on December 31, 1977. However, it was not paid at maturity. Thereafter, on February 17, 1978, plaintiff, as holder of the mortgage, notified the mortgagor, in writing, that it was in default of its obligation to pay the principal and accrued interest, and demanded payment. We are of the opinion that the plaintiff's written demand for payment constituted a sufficient declaration of a default under the terms of the agreement. However, in the absence of any provision in the agreement prescribing a rate of interest for the period between the maturity date of the obligation and the declaration of a default, interest for that period must be computed at the rate prescribed by statute (see *Metropolitan Sav. Bank v Tuttle, supra).* Hence, Special Term erred in awarding interest to plaintiff at the rate of 2% per month for that period. Therefore, the amount of interest awarded must be reduced accordingly. Mangano, J. P., Rabin, Margett and Weinstein, JJ., concur.