■ ROOSEVELT SAVINGS BANK, Respondent, v A.V.R. REALTY CORP. et al., Appellants.—In an action, *inter alia,* to recover damages for breach of a covenant requiring the defendants to give notice to the plaintiff of the sale of the mortgaged property, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated January 6, 1988, as, *inter alia,* granted the plaintiff's motion for reargument of the defendants' motion, among other things, for summary judgment dismissing the complaint, which previously had been granted by the court, and (2) from so much of an order of the same court (Dowd, J.), dated April 22, 1988, as, upon reargument, *inter alia,* vacated

its prior determination, and denied their motion, among other things, for summary judgment dismissing the complaint.

Ordered that the orders are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff Roosevelt Savings Bank (hereinafter Roosevelt) extended to the defendant A.V.R. Realty Corp. (hereinafter AVR) a consolidated mortgage loan of $1,000,000 on March 10, 1977. As evidenced by a mortgage note, the loan was payable with interest at a rate of 9.25% per annum in equal monthly installments over a seven-year term. Although based on an 18-year-and-9-month payback period, the entire unpaid balance plus accrued interest was due on April 1, 1984. The note was secured by a mortgage made by AVR to Roosevelt on certain real property known as the Rocky Point Shopping Center located in Brookhaven, Suffolk County.

As part of the terms and conditions of the mortgage, AVR agreed that: "The balance due hereunder shall at the option of the holder hereof be due and payable immediately upon a conveyance or transfer of title to the mortgaged premises, except for a conveyance to A.V.R. REALTY COMPANY or to ALLAN V. ROSE". The mortgage further obligated AVR to "give immediate notice by mail to the mortgagee of * * * any conveyance, transfer or change of ownership of the premises".

On January 25, 1980, the Rocky Point Shopping Center was sold by AVR to the defendants Harbour Mall Associates, Ltd. and Cantor, Fitzgerald Capital Corp. The Supreme Court found, after a hearing, that the defendants had not proven that notice of the sale was served upon the plaintiff. AVR continued to pay the monthly installments pursuant to the loan until May 17, 1984, at which time Roosevelt received a check from AVR in the sum of $791,547.17 representing the unpaid balance due on the mortgage note, together with interest to the date of payment at a rate of 9.25% per annum. AVR's request for an "assignment" of the existing mortgage from Roosevelt was refused.

Contrary to the defendants' contention, there are issues of fact as to Roosevelt's entitlement to damages and the type and amount thereof, based on the defendants' alleged breach of the terms of the mortgage.

Moreover, by the terms of the mortgage agreement, the "due on sale" covenant was optional with Roosevelt, not self-executing, and therefore, some manifestation on the part of Roosevelt was necessary to effectuate it (see, *Albertina Realty*

*Co. v Rosbro Realty Corp.,* 258 NY 472; 3A Warren's Weed, New York Real Property, Mortgages, § 10.04 [1]; 38 NY Jur, Mortgages and Deeds of Trust, §§ 76, 322; *cf., Vowteras v Argo Compressor Serv. Corp.,* 83 AD2d 834, 836). Consequently, the parties' rights are not, as the defendants claim, governed by the general rule that upon maturity of an obligation, or an act that accelerates maturity, the rate of interest owing on the principal as damages for the breach of contract is to be computed at the rate then prescribed by statute *(see, Metropolitan Sav. Bank v Tuttle,* 290 NY 497, *rearg denied* 291 NY 634; *Levy v Par 3 Golf Dev. Corp.,* 74 AD2d 865; *Stull v Joseph Feld, Inc.,* 34 AD2d 655).

Accordingly, the defendants' motion, *inter alia,* for summary judgment dismissing the complaint was properly denied. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.