■ JEAN DEFALCO, Appellant, v DENNIS Do et al., Respondents. [699 NYS2d 488] —In an action to recover on a promissory note, the plaintiff appeals, on the ground of inadequacy, from so much of (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered August 31, 1998, as, upon granting her motion for summary judgment, granted her leave to enter judgment in the principal sum of only $29,000, and (2) a judgment of the same court, entered December 18, 1998, as is in her favor in the principal sum of only $29,000 and awarded prejudgment interest at the rate of only 9% per annum.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting from the first decretal paragraph thereof the amount of $29,000 and substituting therefor the amount of $38,462, and (2) deleting from the first decretal paragraph thereof the

amount of $24,215 representing prejudgment interest; as so modified, the judgment is affirmed, without costs or disbursements, the order dated August 31, 1998, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for additional proceedings in accordance herewith and for entry of an appropriate amended judgment.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Supreme Court erred in determining that the balance owed on the promissory note was only $29,000, based on the fact that the defendants had paid $16,000 of the $45,000 note. The note provided that "all payments shall be first applied to interest and the balance to principal". The plaintiff supplied evidence that established that as of the date of default the balance owed was $38,462. Accordingly, the judgment is modified to reflect that this is the amount that the plaintiff is entitled to recover.

The plaintiff's demand for compound interest at the contract rate of 16% per annum until entry of judgment is legally unsupportable (see, Giventer v Arnow, 37 NY2d 305, 308; Rourke v Thomas Assocs., 216 AD2d 717, 718; Kaiser v Fishman, 187 AD2d 623, 628). While the plaintiff could apply payments to interest first (see, Shepard v City of New York, 216 NY 251; Woolley v Hoffman, 99 NYS2d 293, 298), she was not authorized to compound interest, even when monthly payments were late (see, Newburger-Morris Co. v Talcott, 219 NY 505, 510).

The plaintiff was entitled, however, to interest at the contract rate of 16% per annum until she exercised her option to accelerate maturity of the debt (see, Mattes v Rubinberg, 220 AD2d 391, 396; Roosevelt Sav. Bank v A.V.R. Realty Corp., 153 AD2d 616), and at the rate of 9% per annum after the acceleration date. While the plaintiff alleges that she did not accelerate the debt until July 22, 1996, the record is devoid of any evidence substantiating this claim.

Accordingly, the matter is remitted to the Supreme Court, Westchester County, to determine when the plaintiff accelerated the debt and thereafter to recompute the amount of interest. Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.