■ PUTMAN HIGH YIELD TRUST et al., Appellants, v BANK OF NEW YORK, Respondent. [776 NYS2d 796]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 22, 2003, which, to the extent appealed from, dismissed the first five causes of action of the complaint, unanimously affirmed, with costs.

Under the terms of the Trinidad Depository Agreement, read as a whole in order to effectuate its purpose, the failure to deposit project revenues into the Trinidad Revenue Account constituted a breach of the agreement. However, with regard to the alleged failure to notify bondholders or rating agencies of a default, the terms of the Indenture did not require defendant to act unless it had written notice of default. There is no allegation of such notice. Section 9.3 of the Indenture expressly requires "actual knowledge" of a default in the form of written notification. With regard to defendant's alleged failure to act prudently upon occurrence of a default, no such duty was ever triggered in the absence of written notification of default (*see Argonaut Partnership L.P. v Bankers Trustee Co. Ltd.*, 2001 WL 585519, *2, 2001 US Dist LEXIS 7100, *5-7 [SD NY, May 30, 2001]).

As to defendant's alleged failure to collect an additional 0.5% in interest, the Indenture makes no reference to such escalation. Inasmuch as defendant was not a party to the Registration Rights Agreement under which this additional interest is claimed, it had neither duty nor standing to enforce the agreement for anyone's benefit (*see Beck v Manufacturers Hanover Trust Co.*, 218 AD2d 1, 14 [1995]). Concur—Tom, J.P., Andrias, Sullivan and Friedman, JJ.