■ SUPERIOR FIDELITY ASSURANCE, LTD., Respondent, v DENNIS SCHWARTZ et al., Defendants, and KEN HOUSNER et al., Appellants. [893 NYS2d 256]—

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501 [a] [1]).

The plaintiff loaned the sum of $168,000 to Smithtown Chevrolet, LLC (hereinafter Smithtown). In exchange, Smithtown executed a promissory note for $168,000 in favor of the plaintiff. According to the terms of the promissory note, Smithtown agreed to market a Premier Vehicle Service Contract program, of which Premier Dealer Services, Inc. (hereinafter PDS), was the administrator and obligor. The promissory note stated that Smithtown shall pay to PDS, and PDS shall forward to the plaintiff, $200 of the profit retained by Smithtown for every Premier Service Contract sold, at a minimum of 35 sales per calendar month. Payment was due on the first day of each month. The promissory note also contained an acceleration clause, which provided, "[s]hould default be made in the payment of any sums due under this Note . . . and such default continues after any notice from the [the plaintiff] to [Smithtown] and the expiration of any period granted to [Smithtown] for curing such default . . . the whole sum of principal and accrued interest hereunder shall, at the option of [the plaintiff], become immediately due and payable."

To induce the plaintiff to make the loan to Smithtown, the defendants Ken Housner and John Trepani, principals of Smithtown, executed personal guaranties, which guaranteed payment of the promissory note. The defendant Marilyn Housner, the defendant Ken Housner's wife, also signed the personal guaranty that was executed by her husband. The plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, inter alia, seeking to enforce the guaranties.

In order for the plaintiff to establish a prima facie case, it was required to submit proof of the existence of an underlying note, the guaranties, and the failure to make payment in accordance with their terms (see Famolaro v Crest Offset, Inc., 24 AD3d 604, 604-605 [2005]; E.D.S. Sec. Sys. v Allyn, 262 AD2d 351 [1999]; Capital Circulation Corp. v Gallop Leasing Corp., 248 AD2d 578 [1998]). Although the guaranties were instruments for the payment of money only within the meaning of CPLR 3213 (see European Am. Bank v Lofrese, 182 AD2d 67, 71 [1992]; Rhodia, Inc. v Steel, 32 AD2d 753 [1969]), the plaintiff failed to meet its burden of establishing a prima facie case. The promis-

sory note was due "on demand and no later than July 31, 2008." However, the plaintiff moved for summary judgment in lieu of complaint on January 25, 2008, approximately six months before July 31, 2008. Therefore, in essence, the plaintiff was attempting to invoke the acceleration clause because it sought full payment of the promissory note prior to the due date, and without making any prior demand. However, there is no evidence in the record that the plaintiff sent a notice of default to Smithtown or that Smithtown was afforded any opportunity to cure, as required by the terms of the acceleration clause. Thus, the plaintiff failed to demonstrate that it was owed the full amount of the promissory note by Smithtown and, consequently, it failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law with respect to the guaranties (*see Putman High Yield Trust v Bank of N.Y.*, 7 AD3d 439 [2004]; *Ultimate Connection, Inc. v Friedfertig*, 12 Misc 3d 1175[A], 2006 NY Slip Op 51236[U] [2006]; *cf. European Am. Bank v Lofrese*, 182 AD2d at 71).

Accordingly, those branches of the plaintiff's motion which were for summary judgment enforcing the guaranties of Ken Housner, Marilyn Housner, and John Trepani should have been denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions need not be reached in light of this determination. Skelos, J.P., Eng, Belen and Austin, JJ., concur.