■ GALASSO, LANGIONE & BOTTER, LLP, Respondent, v ANTHONY P. GALASSO et al., Defendants. (Action No. 1.) GALASSO, LANGIONE & BOTTER, LLP, et al., Respondents, v SIGNATURE BANK et al., Defendants. (Action No. 2.) GALASSO, LANGIONE & BOTTER, LLP, et al., Respondents, v THOMAS F. LIOTTI, Appellant. (And a Third-Party Action.) (Action No. 3.) [917 NYS2d 888]—

In related actions, inter alia, to recover damages for negligence and breach of contract (action Nos. 1 and 2), Thomas F. Liotti appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated February 6, 2009, as denied his motion to consolidate those actions, pending in Nassau County under index Nos. 10038/97 and 19198/07, with an action, among other things, to recover damages for defamation commenced against him (action No. 3), in the Supreme Court, Nassau County, under index No. 19276/07, and granted the cross motion of the plaintiffs in action Nos. 1 and 2 to impose sanctions against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A motion for consolidation is addressed to the sound discretion of the court, and absent a showing of substantial prejudice by the party opposing the motion, consolidation is proper where there are common questions of law and fact" (*RCN Constr. Corp. v Fleet Bank, N.A.*, 34 AD3d 776, 777 [2006]). Here, the Supreme Court providently exercised its discretion in denying the motion to consolidate, as there were no common questions of law and fact. The Supreme Court also providently exercised its discretion in granting the cross motion of the plaintiffs in action Nos. 1 and 2 to impose sanctions against the appellant (*see* 22 NYCRR 130-1.1 [c]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 749 [2010]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur. **[Prior Case History: 22 Misc 3d 1119(A), 2009 NY Slip Op 50184(U).]**