JIN SHENG HE, Respondent, v SING HUEI CHANG, Also Known as DAVEN CHANG, Appellant. [921 NYS2d 128]—

In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Schack, J.), dated March 5, 2010, which granted the plaintiff's motion for summary judgment in lieu of complaint, denied the defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) or to consolidate this action with an action pending in the Supreme Court, Queens County, entitled *Sing Huei Chang, Also Known as Daven Chang v Wide, Inc.*, under index No. 12793/09, and is in favor of the plaintiff and against him in the principal sum of $50,000, plus interest at the rate of 9% per annum from December 20, 2006, in the sum of $14,662.50.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff interest at the rate of 9% per annum from December 20, 2006, in the sum of $14,662.50, and substituting therefor a provision awarding the plaintiff interest at the rate of 9% per annum from June 10, 2009; as so modified, the order and judgment is affirmed, without costs and disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment in accordance herewith.

The defendant executed a promissory note on June 21, 2008, in which he agreed to pay the plaintiff the sum of $50,000 "for value received" in monthly installments of $8,333.33 per month commencing July 20, 2008, until the balance was fully paid. In a letter dated February 25, 2009, the plaintiff gave notice to the defendant that he had defaulted on paying the monthly installments due pursuant to the note and, thereafter, the plaintiff accelerated the payment of the note by a letter dated June 10, 2009.

The plaintiff commenced this action by moving pursuant to CPLR 3213 for summary judgment in lieu of complaint. The defendant cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (4) or to consolidate this action with an action pending in the Supreme Court, Queens County, entitled *Sing Huei Chang, Also Known as Daven Chang v Wide, Inc.*, under index No. 12793/09 (hereinafter the pending action). The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.

To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms (*see Gullery v Imburgio*, 74 AD3d 1022 [2010]; *Superior Fid. Assur., Ltd. v Schwartz*, 69 AD3d 924 [2010]; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *Levien v Allen*, 52 AD3d 578 [2008]; *Anand v Wilson*, 32 AD3d 808 [2006]).

Once the plaintiff submits evidence establishing these two elements, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense (*see Pennsylvania Higher Educ. Assistance Agency v Musheyev*, 68 AD3d 736 [2009]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]; *Famolaro v Crest Offset, Inc.*, 24 AD3d 604 [2005]; *Bank of N.Y. v Vega Tech. USA, LLC*, 18 AD3d 678 [2005]).

Here, the plaintiff met his prima facie burden of establishing his entitlement to judgment as a matter of law by submitting the promissory note signed by the defendant, which provided that the defendant was to pay the sum of $50,000 to the plaintiff in monthly installments until the entire amount was repaid, coupled with the plaintiff's affidavit asserting that the defendant failed to repay the monthly installments in accordance with the terms of the note (*see Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574 [2008]; *North Fork Bank v ABC Merchant Servs., Inc.*, 49 AD3d 701 [2008]; *Suffolk County Natl. Bank v Columbia Telecom. Group, Inc.*, 38 AD3d 644 [2007]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]).

In opposition, the defendant's unsupported, conclusory allegations with respect to the defenses of fraud and lack of consideration were insufficient to defeat the plaintiff's entitlement to summary judgment (*see Constructamax, Inc. v CBA Assoc.*, 294 AD2d 460, 460 [2002]; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]).

The Supreme Court properly denied that branch of the defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4), since this action and the pending action did not have substantially the same parties or causes of action (*see Wharry v Lindenhurst Union Free School Dist.*, 65 AD3d 1035, 1036 [2009]; *Fischer v RWSP Realty, LLC*, 53 AD3d 594, 594 [2008]; *Simonetti v Larson*, 44 AD3d 1028, 1028-1029 [2007]). Similarly, the Supreme Court providently exercised its discretion in denying that branch of the cross motion which was to consolidate the two actions, since the two actions did not share common questions of law and fact (*see Galasso, Langione & Botter, LLP v Galasso*, 81 AD3d 879, 880 [2011]; *RCN Constr. Corp. v Fleet Bank, N.A.*, 34 AD3d 776, 777 [2006]; *Village of Mamaroneck v Mamaroneck Affordable Condominium Corp.*, 13 AD3d 361, 362 [2004]).

However, the Supreme Court erred in granting prejudgment interest to the plaintiff from December 20, 2006. Such interest should have been granted from the date of the plaintiff's acceleration letter to the defendant dated June 10, 2009 (*see Mattes v Rubinberg*, 220 AD2d 391, 394 [1995]; *see also Romito v Panzarino*, 11 AD3d 444 [2004]; *DeFalco v Do*, 267 AD2d 193, 194 [1999]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for the entry of an amended judgment after recalculating the interest. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.