■ COMMERCE BANK et al., Respondents-Appellants, v THE BANK OF NEW YORK MELLON, Appellant-Respondent. KNIGHTS OF COLUMBUS, Respondent-Appellant, v THE BANK OF NEW YORK MELLON, Appellant-Respondent. [35 NYS3d 63]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 18, 2013, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the breach of fiduciary duty claim and denied the motion as to the negligence claim, unanimously modified, on the law, to grant the motion as to so much of the negligence claim as is based on subparagraphs 139 (b) and (f) of the amended complaint, and otherwise affirmed, without costs. Order, same court (Saliann Scarpulla, J.), entered on or about July 24, 2015, which, insofar as appealed from as limited by the briefs, denied defendant's motion to dismiss the breach of contract claim, except for the fifth "breaching act," unanimously modified, on the law, to grant the motion as to so much of the contract claim as is based on section 2.03 (c) of the Pooling and Servicing Agreements (PSAs) and so much of the negligence claim as is based on subparagraphs 169 (b) and (f) of the second amended complaint, and otherwise affirmed, without costs. Order, same court and Justice, entered October 6, 2015, which, insofar appealed as appealed from as limited by the briefs, granted defendant's motion to dismiss the breach of fiduciary duty claim, and denied the motion as to the negligence claim and as to the contract claim, except for the fourth breaching act, unanimously modified, on the law, to grant the motion as to so much of the contract claim as is based on section 2.03 (c) of the PSAs and so much of the negligence claim as is based on subparagraphs 188 (b) and (f)-(i) of the complaint, and otherwise affirmed, without costs.

Defendant acknowledges that it had contractual obligations to review or inventory mortgage files and make certifications. It contends that plaintiffs' allegations are insufficient, because they are not tied to the particular trusts in which plaintiffs

invested. Defendant relies on *Retirement Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v Bank of N.Y. Mellon* (775 F3d 154 [2d Cir 2014], *cert denied* 577 US —, 136 S Ct 796 [2016]), which found that a named plaintiff in a putative class action lacked class standing because defendant's "alleged misconduct must be *proved* loan-by-loan and trust-by-trust" (*id.* at 162 [emphasis added]). However, there is persuasive authority that *Retirement Bd.* does not apply to the sufficiency of allegations on a motion to dismiss for failure to state a claim (*see e.g. Phoenix Light SF Ltd. v Deutsche Bank Natl. Trust Co.*, — F Supp 3d —, 2016 WL 1212573, *8-9, 2016 US Dist LEXIS 41119, *28-29 [SD NY, Mar. 28, 2016, No. 14-cv-10103 (JGK)]; *Royal Park Invs. SA/NV v Bank of N.Y. Mellon*, 2016 WL 899320, *4, 2016 US Dist LEXIS 26793, *12-13 [SD NY, Mar. 2, 2016, No. 1:14-cv-6502-GHW] [collecting cases]).

The court correctly denied defendant's motions to dismiss so much of the contract claims as is based on section 2.01 (c) of the PSAs, because that section is ambiguous as to whether the opinions of counsel excused defendant from the obligation to affix certain language on assignments of mortgage or the obligations to cause such assignments to be in proper form for recording and to cause them to be delivered to the appropriate public office for recording (*see Telerep, LLC v U.S. Intl. Media, LLC*, 74 AD3d 401 [1st Dept 2010]).

To the extent the contract claims are based on section 2.03 (c) of the PSAs, they should be dismissed. That section states, "Upon discovery by any of the parties hereto of a breach of a representation or warranty with respect to a Mortgage Loan *made pursuant to Section 2.03 (a)* . . . that materially and adversely affects the interests of the Certificateholders in the Mortgage Loan, the party discovering such breach shall give prompt notice thereof to the other parties" (emphasis added). The representations and warranties made pursuant to section 2.03 (a) address loan-to-value ratio, whether there are other liens on a property, whether a loan was underwritten pursuant to nonparty Countrywide Home Loans's underwriting guidelines, and the like. Plaintiffs do not allege that defendant discovered breaches of such representations and warranties.

The court correctly dismissed so much of the contract claims as was based on defendant's failure to give notice of an event of default pursuant to section 7.03 (b) of the PSAs. That section says, "Within 60 days after the occurrence of any Event of Default, the Trustee shall transmit by mail to all Certificateholders notice of each such Event of Default . . . *known to the*

*Trustee*" (emphasis added). Section 8.02 (viii) specifies that "the Trustee shall not be deemed to have knowledge of an Event of Default until a Responsible Officer of the Trustee shall have received written notice thereof." The October 2010 letter sent by nonparty Gibbs & Bruns was not a notice of an event of default; rather, it was a notice of events that, with time, might ripen into events of default. Furthermore, the settlement among defendant, Countrywide, and nonparty Bank of America (BofA), which we approved in its entirety (*see Matter of Bank of N.Y. Mellon*, 127 AD3d 120, 128 [1st Dept 2015]), rendered the letter inoperative, i.e., as if never sent. Plaintiffs allege no written notice other than the letter.

In light of *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.* (11 NY3d 146, 158 [2008]), defendant's argument that the negligence claims should be dismissed in their entirety as duplicative of the contract claims is unavailing. However, parts of the negligence claims should be dismissed.

In *AG Capital*, the Court of Appeals agreed with other courts that had "held that prior to default, indenture trustees* owe note holders an extracontractual duty to perform basic, nondiscretionary, ministerial functions" (11 NY3d at 157). Plaintiffs allege that defendant had the duty to notify them that other parties to the PSA had failed to perform their obligations (paragraph 139 [b] of the amended complaint in *Knights of Columbus*, paragraph 169 [b] of the second amended complaint in *Knights*, and paragraph 188 [b] of the *Commerce Bank* complaint) and that the Master Servicer was covering up defendant's failures (paragraph 139 [f] of the amended complaint in *Knights*, paragraph 169 [f] of the second amended complaint in *Knights*, and paragraph 188 [f] of the *Commerce Bank* complaint). However, in order to give plaintiffs such notice, defendant would have had to monitor other parties. A failure to monitor other parties "plainly do[es] not involve the performance of basic non-discretionary ministerial tasks" (*Ellington*, 837 F Supp 2d at 193 [internal quotation marks omitted]).

The *Commerce Bank* plaintiffs further allege that defendant had the duty to " '[n]ose to the source' of the systematic improper servicing and administration conduct . . . described in multiple governmental actions . . . to discover if Events of Default or Master Servicer Event of Defaults [sic] or other PSA breaches had occurred" (paragraph 188 [h]). However, the

---

* "PSAs . . . are trust agreements similar to bond indentures in many respects" (*Ellington Credit Fund, Ltd. v Select Portfolio Servicing, Inc.*, 837 F Supp 2d 162, 192 [SD NY 2011] [internal quotation marks omitted]).

trustee of an RMBS (residential mortgage-backed securities) trust does not have a duty to "nose to the source" (*VNB Realty, Inc. v U.S. Bank, N.A.*, 2014 WL 1628441, *6 n 3, 2014 US Dist LEXIS 57189, *18 n 3 [D NJ, Apr. 23, 2014, Civ. No. 2:13-04743 (WJM)]).

Paragraph 188 (i) of the *Commerce Bank* complaint is unintelligible; to the extent it can be understood, it does not allege a "basic, nondiscretionary, ministerial function[ ]" (*AG Capital*, 11 NY3d at 157).

Paragraph 188 (g) of the *Commerce Bank* complaint is barred by our approval of the settlement in *Bank of N.Y. Mellon* "in all respects, including the aspect releasing the loan modification claims" (127 AD3d at 128).

The court correctly dismissed the breach of fiduciary duty claims. While the pre-default duty to avoid conflicts of interest (*AG Capital*, 11 NY3d at 156-157) is a fiduciary duty (*see Beck v Manufacturers Hanover Trust Co.*, 218 AD2d 1, 11-13 [1st Dept 1995]), the *Knights'* amended complaint merely contains conclusory allegations as to such conflict (*see Heritage Partners, LLC v Stroock & Stroock & Lavan LLP*, 133 AD3d 428 [1st Dept 2015], *lv denied* 27 NY3d 904 [2016]; *see also Elliott Assoc. v J. Henry Schroder Bank & Trust Co.*, 838 F2d 66, 70 [2d Cir 1988]).

The *Commerce Bank* complaint contains factual allegations about defendant's conflict of interest, but they are not sufficient. "[T]he existence of a conflict of interest can not be inferred solely from a relationship between an issuer and an indenture trustee that is mutually beneficial and increasingly lucrative" (*Royal Park Invs. SA/NV v HSBC Bank USA, N.A.*, 109 F Supp 3d 587, 598 [SD NY 2015] [internal quotation marks omitted]). Unlike the plaintiff in *Royal Park Invs. SA/NV v Deutsche Bank Natl. Trust Co.* (2016 WL 439020, *9, 2016 US Dist LEXIS 12982, *28-29 [SD NY, Feb. 3, 2016, No. 14-CV-4394 [AJN]), the *Commerce Bank* plaintiffs do not allege a quid pro quo situation.

To the extent the *Commerce Bank* complaint alleges that defendant breached its fiduciary duty with respect to loan modification claims, that claim is precluded by our approval of the settlement in *Bank of N.Y. Mellon* (127 AD3d at 128) and our declaration that "there is no indication that [defendant] was acting in self-interest or in the interests of BofA rather than those of the certificateholders" when it entered into the settlement (*id.* at 126).

Since no event of default occurred, the court correctly dismissed plaintiffs' post-default fiduciary duty claims (*see Put-*

*man High Yield Trust v Bank of N.Y.*, 7 AD3d 439 [1st Dept 2004]). Concur—Sweeny, J.P., Acosta, Feinman and Kahn, JJ.