Fixed Income Shares: Series M v Citibank, N.A. (2018 NY Slip Op 00256)





Fixed Income Shares: Series M v Citibank, N.A.


2018 NY Slip Op 00256


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5456 653891/15

[*1]Fixed Income Shares: Series M, et al., Plaintiffs-Respondents,
v
Citibank, N.A., Defendant-Appellant.


Mayer Brown LLP, New York (Christopher J. Houpt of counsel), for appellant.
Bernstein Litowitz Berger & Grossman LLP, New York (Robert S. Trisotto and Timothy A. Delange of the bar of the State of California, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 27, 2017, which, insofar as appealed from as limited by the briefs, denied defendant's motion to dismiss the cause of action for breach of the covenant of good faith and the breach of contract cause of action based on representations and warranties and on "robosigning," unanimously modified, on the law, to grant the motion as to the cause of action for breach of the covenant of good faith and the breach of contract cause of action based on "robosigning," and otherwise affirmed, without costs.
Plaintiffs are the holders of certificates issued by residential mortgage-backed securities trusts of which defendant is the trustee. The cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed because the governing Pooling and Service Agreement (PSA) states, "[N]o implied covenants or obligations shall be read into this Agreement against the Trustee" (see STS Partners Fund, LP v Deutsche Bank Sec., Inc., 149 AD3d 667, 669 [1st Dept 2017], lv dismissed in part, denied in part __ NY3d __, 2017 NY Slip Op 92892 [Nov. 21, 2017]).
The contract cause of action alleges that defendant violated the PSA by failing to give written notice of certain breaches of mortgage loan representations and warranties upon its discovery of such breaches. Contrary to defendant's argument, plaintiffs were not required to allege that defendant had actual knowledge of a loan-specific breach. The PSA uses the word "discovery" in section 2.04 and the term "actual knowledge" in section 8.01, which implies that these terms have different meanings (Platek v Town of Hamburg, 24 NY3d 688, 696 [2015]). Nor were plaintiffs required to allege loan-specific breaches. Defendant relies on Retirement Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v Bank of N.Y. Mellon (775 F3d 154 [2d Cir 2014], cert denied 577 US __, 136 S Ct 796 [2016]). However, we have concluded that Retirement Bd. does not apply to motions to dismiss for failure to state a cause of action (Commerce Bank v Bank of N.Y. Mellon, 141 AD3d 413, 414 [1st Dept 2016]).
The breach of contract cause of action also alleges that defendant failed to provide the mortgage loan servicers with notice of robosigning (a servicing failure) and demand that the breach be remedied within a specified time period. However, section 7.01(ii) does not require defendant to give that notice to cure (see Stern v Gepo Realty Corp., 289 NY 274, 276 [1942]); it merely defines "Event of Default."
We reject plaintiffs' apparent argument that, since section 8.01 of the PSA imposes additional duties on defendant after an Event of Default, defendant may not prevent an Event of Default from occurring by failing to give the notice to cure that would cause the servicers' failure to perform to ripen into an Event of Default. First, as indicated, the PSA bars covenants from being implied in the PSA against defendant. Second, application of the doctrine that "a party cannot insist upon a condition precedent, when its non-performance has been caused by himself" [*2](Amies v Wesnofske, 255 NY 156, 163 [1931] [internal quotation marks omitted]) requires the party's "active conduct ... preventing or hindering the fulfillment of the condition" (id.). Defendant's failure to send a notice to cure to the servicers is not "active conduct." Plaintiffs seek to "compel positive action" by defendant (id.), i.e., the sending of a notice to cure. In any event, under the PSA, "the Holders of Certificates entitled to at least 25% of the Voting Rights" could have sent notice of the servicers' failure.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK