Blackrock Balanced Capital Portfolio (FI) v U.S. Bank N.A. (2018 NY Slip Op 06990)





Blackrock Balanced Capital Portfolio (FI) v U.S. Bank N.A.


2018 NY Slip Op 06990


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Moulton, JJ.


652204/15 -4257 7396

[*1]Blackrock Balanced Capital Portfolio (FI), et al. Plaintiffs-Respondents-Appellants,
v
U.S. Bank National Association, Defendant-Appellant-Respondent.


Jones Day, Cleveland, OH (Louis A. Chaiten of the bar of the State of Ohio, admitted pro hac vice, of counsel), for appellant-respondent.
Bernstein Litowitz Berger & Grossmann LLP, New York (Robert S. Trisotto and Timothy A. DeLange of the bar of the State of California, admitted pro hac vice, of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 17, 2018, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss to the extent of dismissing the tort claims based on conflict of interest allegations and the breach of contract claims based on post-event of default servicer breaches as to all but 77 plaintiffs, and denied its motion to dismiss the remaining breach of contract claims, unanimously modified, on the law, to grant the motion to dismiss the breach of contract claims based on post-event of default servicer breaches as to another 56 trusts, and otherwise affirmed, without costs.
Plaintiffs are the holders of certificates issued by residential mortgage-backed securities trusts of which defendant is the trustee. The complaint alleges that the trustee breached its obligations pursuant to the governing Pooling and Service Agreements (PSAs) by failing to provide notices to cure to servicers once it gained knowledge of certain servicing breaches and by failing to make prudent decisions concerning the events of default.
As to the post-event of default claims, the PSAs provide that a Servicer Event of Default occurs when a servicer fails to cure a breach of its obligations within a specific time frame "after the date on which written notice of such failure, requiring the same to be remedied, shall have been given to the [Servicer] by the Depositor or the Trustee or to the Master Servicer, the Depositor and the Trustee by the Holders of Certificates entitled to at least 25% of the Voting
Interests . . ." The parties do not dispute that in September 2012, notice of servicing breaches was sent on behalf of investors in 77 of the trusts that are plaintiffs herein to the trustee and the servicer of those particular trusts. It is also not disputed that investors held more than 25% of the voting rights in 21 of the 77 trusts on whose behalf the notice was sent.
Based on the foregoing, an event of default occurred as to the 21 trusts because the notice was sent "to the Master Servicer, the Depositor and the Trustee by the Holders of Certificates entitled to at least 25% of the Voting
Interests. . . ." As to those trusts, the complaint asserts a proper post-Event of Default breach of contract claim as it is not disputed that the trustee failed to enforce the event of default after the requisite time lapsed. As to the other 56 trusts, we reject plaintiffs' argument that defendant had an obligation to send notices to cure to servicers as the PSAs do not require US Bank to send a notice to cure, but merely designate it as one of the parties that is permitted to send such a notice. Moreover, the prevention doctrine, which precludes a party from arguing that its performance under a contract has not been triggered by a condition precedent, when its non-performance has been caused by that party, is not applicable because it requires "the party's active conduct . . . preventing or hindering the fulfillment of the condition" (Fixed Income Shares: Series M v Citibank N.A,, 157 AD3d 541, 542 [1st Dept 2018][internal quotation marks omitted]). A [*2]defendant's failure to send a notice to cure to the servicers is not "active conduct" within the meaning of the prevention doctrine (id.).
As to the pre-Event of Default breach of contract claims, US Bank's argument that the complaint fails to allege loan specific breaches by each of the relevant sellers is unavailing at this stage of the litigation (see Fixed Income, 56 Misc 3d 1205(A) [NY County 2017], affd in part 157 AD3d 541, 542 [1st Dept 2018] [rejecting the argument that plaintiffs were "required to allege loan-specific breaches"]; Commerce Bank v Bank of N.Y. Mellon, 141 AD3d 413, 414 [1st Dept 2016]).
We reject defendant's argument that all of the breach of contract claims must be dismissed because plaintiffs have failed to assert that they have complied with all of the requirements of the no-action clauses in each of the PSAs. Compliance with the clauses was excused because it would be futile to demand that the trustee commence an action against itself for breaches of the PSA (see Quadrant Structured Prods. Co. Ltd. v Vertin, 23 NY3d 549, 566 [2014]; see also Cruden v Bank of New York, 957 F2d 961, 968 [2d Cir 1992] (no-action clause will not bar security holder suit against Trustee because "it would be absurd to require the debenture holders to ask the Trustee to sue itself"). Once performance of the demand requirement in the no-action clause is excused, performance of the entire provision is excused, including the requirement that demand be made by 25% of the certificate holders. Under the plain language of the no-action clause, there is no basis for requiring that the suit be
supported by 25% of certificate holders (BlackRock Core Bond Portfolio v US Bank Natl. Assn., 165 F Supp3d 80, 97-99 [SD NY 2016]).
As for plaintiffs' cross appeal, the court correctly determined that the tort claims are barred by the economic loss doctrine (see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 83 [1st Dept 1999]), and plaintiffs have not sufficiently alleged the breach of any professional duty that could support a malpractice claim, as opposed to the breach of a contractual duty (see Blackrock Allocation Target Shares: Series S. Portfolio v Wells Fargo Bank, N.A., 247 FSupp3d 377, 399 [SD NY 2017]).
We have considered the remaining arguments and find them unavailing.
M - 4257 - Blackrock Balanced Capital Portfolio (FI) v U.S. Bank Natl. Assn.
Motion to strike reply brief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK