State Realty, LLC, Respondent,
against
Alevtina Ger, Defendant, and Boris Lankios, Appellant.




The Litvak Law Firm, PLLC (Igor Litvak of counsel), for appellant.
Law Offices of Mark J. Fox (Mark J. Fox of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered March 23, 2018. The order denied a motion by defendant Boris Lankios to dismiss the complaint pursuant to CPLR 3211 (a) (7).




ORDERED that the order is affirmed, without costs.
Insofar as is relevant to this appeal, plaintiff commenced this action against Boris Lankios (defendant) to recover upon defendant's personal guaranty of codefendant Ger's rent. The complaint, endorsed upon the summons, alleges that plaintiff rented a premises to Ger; that Ger defaulted upon her rental obligations and was evicted pursuant to a warrant issued in a nonpayment summary proceeding; that defendant had executed a personal guaranty of the payment of all rent and additional rent; and that $9,402 is owed in rent and additional rent.
Without answering and without submitting an affidavit on personal knowledge, defendant's attorney moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). In his supporting affirmation, counsel asserted that the lease had been renewed several times and that the guaranty, which provided that it would include "any extension [sic] of time or renewals," did not cover the renewals because there had been increases in the rent and security deposit, thus [*2]creating, in effect, a new obligation which had not been guaranteed. Defendant appeals from an order of the Civil Court entered March 23, 2018 which denied the motion. We affirm.
The standard of review on a motion to dismiss pursuant to CPLR 3211 (a) (7) is "whether the pleading states a cause of action, and if from its four corners allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzberg, 43 NY2d 268, 275 [1977]). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (id.).
To state a cause of action on a guaranty, a plaintiff must allege the underlying obligation, the guaranty, and the prime obligor's default in payment on the underlying obligation (see Superior Fid. Assur., Ltd. v Schwartz, 69 AD3d 924, 925 [2010]). Here, the endorsed complaint alleges all of these elements and defendant failed to show that "no significant dispute exists regarding" whether the guaranty covered the renewals. 
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 17, 2019