Branch Banking & Trust Co. v Myrthil (2022 NY Slip Op 04784)

Branch Banking & Trust Co. v Myrthil

2022 NY Slip Op 04784

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-02695
 (Index No. 9867/15)

[*1]Branch Banking and Trust Company, appellant,
v
Alan Myrthil, respondent.

Lacy Katzen, LLP, Rochester, NY (Michael J. Wegman of counsel), for appellant.

DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 12, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.
In February 2009, the defendant, by power of attorney, executed a note in favor of the plaintiff in the sum of $136,000. In March 2015, the plaintiff commenced this action to recover on the note, alleging that the defendant had failed to make the payments due in December 2010, and thereafter. The plaintiff subsequently moved for summary judgment on the complaint. The motion was supported, inter alia, by a copy of the note, the affidavit of a recovery supervisor employed by the plaintiff, and a printout of the defendant's payment history. In an order dated July 12, 2019, the Supreme Court, among other things, denied the motion, and the plaintiff appeals.
The plaintiff established, prima facie, its entitlement to judgment as a matter of law by submitting, inter alia, a copy of the note and the defendant's payment history, evincing the defendant's obligations under the note and his failure to make a payment in accordance with its terms (see Commonwealth Land Tit. Ins. Co. v Prado, 176 AD3d 1164, 1165; M & T Bank v DelVecchio, 162 AD3d 654, 655; Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 706; Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789). Under the circumstances of this case, the affidavit of the plaintiff's recovery supervisor established that the plaintiff's business records satisfied the admissibility requirements of CPLR 4518(a) (see People v Cratsley, 86 NY2d 81, 89; People v Kennedy, 68 NY2d 569, 579-580; Ed Guth Realty v Gingold, 34 NY2d 440, 451; Citigroup v Koplowitz, 147 AD3d 1015). In opposition, the defendant failed to raise a triable issue of fact as to any bona fide defense (see Commonwealth Land Tit. Ins. Co. v Prado, 176 AD3d at 1165; Jin Sheng He v Sing Huei Chang, 83 AD3d at 789). His contentions were unsubstantiated and speculative (see JPMorgan Chase Bank, N.A. v Didato, 185 AD3d 801, 802-803; M & T Bank v DelVecchio, 162 AD3d at 655).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court